# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALHALEMI, INC.,** a Michigan corporation,

    Plaintiff,

v.

Case No.:
Hon.:

**UNITED STATES OF AMERICA** and **THOMAS VILSACK,** in his official capacity as Secretary of the United States Department of Agriculture,

    Defendants.

---

AYAD LAW, PLLC
Nabih H. Ayad (P59518)
Attorney for Plaintiff
645 Griswold St., Ste. 2202
Detroit, MI 48226
Phone: (313) 983-4600
Fax:   (313) 983-4665
Email: nayad@ayadlaw.com

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

---

## **PLAINTIFF'S COMPLAINT**

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

**NOW COMES** Plaintiff, Alhalemi, Inc., by and through its attorney, AYAD LAW, P.L.L.C., and for its Complaint, states as follows:

## JURISDICTION

1. This action is brought pursuant to 7 U.S.C. § 2023 for *de novo* judicial review of a final decision of the United States Department of Agriculture (the "Department") permanently disqualifying Plaintiff, Alhalemi Inc., from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"), commonly known as the Food Stamp Program.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 7 U.S.C. § 2023.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 7 U.S.C. § 2023 as the acts complained herein occurred in the County of Wayne, State of Michigan.

## PARTIES

4. Plaintiff, Alhalemi Inc., is a Michigan Corporation. During all relevant times material to this Complaint Plaintiff operated a gas station, retail convenience store, and food market located at 11731 Hamilton Ave., Highland Park, MI 48203 and within the jurisdiction of this Court.

5. The United States is a Defendant pursuant to the provisions of the 7 U.S.C. § 2023(13).

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

6. Defendant, Thomas Vilsack, is sued in his capacity as the Secretary of the United States Department of Agriculture and is the person ultimately responsible for the decisions of the Department's constituent agencies.

## FULFILLMENT OF ADMINSTRATIVE PREREQUISITES

7. All conditions precedent for the filing of this action have been complied with: Plaintiff has exhausted its administrative remedies and will continue to be permanently disqualified if this action is not filed within thirty (30) days of the denial of Plaintiff's final appeal by Defendants.

8. It has been fewer than thirty (30) days since Plaintiff's final appeal was denied by Defendants.

## STATEMENT OF FACTS

9. The Secretary of Agriculture issues regulations for SNAP, and the Department's Food and Nutrition Service ("FNS") administers the program in accordance with the Food Stamp Act, 7 U.S.C. §§ 2011-2036, and applicable regulations, 7 C.F.R. §§ 270-82.

10. Shortly after beginning its operations, Alhalemi Inc. submitted an application to participate as an authorized retailer in SNAP. Alhalemi's application was granted.

11. Alhalemi Inc. began serving the surrounding indigent community and provided a place for penniless local residents to obtain food and other vital resources.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

12. It is well known that in poverty-stricken areas, fresh food markets and grocery stores are few and far between. Thus, businesses like Plaintiff's in conjunction with programs like SNAP, supply an indispensable resource in these communities.

13. SNAP provides benefits through an Electronic Benefit Transfer ("EBT") system. Recipients of SNAP benefits pay for eligible food purchases at authorized retailers using an EBT card, which operates like a debit card. When a purchase is made, the EBT card is swiped through a point-of-sale device, and the customer enters a personal identification number. The point-of-sale device transmits the sale information to a government computer, which processes and stores the information.

14. On January 8, 2016, FNS issued a letter to Alhalemi Inc. alleging that an analysis of EBT transactions at Alhalemi Inc. during the months of June through November 2015 showed "patterns of unusual, irregular, and inexplicable activity". Based on that information, FNS charged Alhalemi Inc. with "trafficking", which is defined by regulation to mean the "buying or selling of coupons, ATP cards or other beneficial instruments for cash or consideration other than eligible food . . . ." Alhalemi Inc. responded to the charges in a timely manner and provided information, both orally and in writing, to FNS. On February 12, 2016, however, FNS assessed a permanent disqualification against Alhalemi Inc.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

15. The disqualification of Alhalemi Inc. from SNAP, which is a substantial and material part of the business, will cause the business to eventually deteriorate and close.

16. Therefore, Alhalemi Inc. made a timely request for review. Alhalemi Inc. submitted numerous documentation to establish the exception under the statute and which clearly met the exceptions under the statute, but yet was in effect summarily rejected.

17. In a Final Agency Decision dated April 11, 2016, the Department upheld the permanent disqualification of Alhalemi Inc. as a participating retailer in SNAP.

## COUNT I:
## REVERSAL OF THE DEPARTMENT'S DETERMINATION BY *DE NOVO* REVIEW

18. Plaintiff adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

19. Pursuant to 7 U.S.C. § 2023, the decision of the Department is subject to *de novo* judicial review. This action is timely filed in accordance with 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a).

20. The Department's disqualification action was based on its findings that the computerized EBT data for June through November 2015 indicated: (1) "multiple transactions were made from individual benefit accounts in unusually short time frames"; and (2) numerous transactions over $23.00 that

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

were "excessively large". The Department presented no direct evidence or other evidence of "trafficking".

21. The decision of the Department was erroneous. The Department improperly relied merely on the raw EBT data, engaged in unsupported speculation, and either disregarded or gave insufficient consideration to the facts presented by Alhalemi concerning the nature of its business, its purchases and sales, its customers, and its customers' typical transactions. Contrary to the Department's contentions, the summary data of the EBT transactions in question do not demonstrate trafficking. To the contrary, the evidence in this case will demonstrate that Alhalemi's transactions were legitimate and that Alhalemi did not engage in trafficking.

22. Alhalemi Inc.is aggrieved by the determination of the Department and avers that the agency's findings are unsupported by reliable probative evidence and otherwise the product of unlawful agency action. Further, a total disqualification from SNAP is capricious and a penalty that does not fit the crime.

23. A disqualification from SNAP places an unusually harsh burden on the livelihood of the owner of Alhalemi Inc. and its employees. It also adversely impacts neighbors, particularly elderly and handicapped residents, who rely upon the nearby store for basic sustenance.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

## COUNT II:
## VIOLATION OF ADMINISTRATIVE PROCEDURE
## ACT 5 U.S.C.A § 701 *et seq.*

24. Plaintiff adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

25. The Department's determination is arbitrary and capricious and contrary to law because of irregularities in procedure in the following respects: (a) The Department did not follow its own agency regulations in making a determination. Under 7 C.F.R. § 278.6(d), such determination shall be based upon: (1) the nature and scope of the violations committed by personnel of the firm; (2) any prior action taken by FNS to warn the firm about the possibility that violations were occurring; and (3) any other evidence that shows the firm's intent to violate the regulations; (b) in the Department's charge and determination letters, the agency did not indicate that it had considered all three of the above-mentioned prongs as the basis for their determination. In particular, the agency did not mention in its decision any prior action taken to warm Alhalemi Inc. about the possibility that violations were occurring.

26. The determination was also arbitrary and capricious because the agency failed to substantiate and consider Alhalemi Inc.'s responses concerning the hardship to Plaintiff's customers pursuant to 7 C.F.R. § 278.6(f).

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

Furthermore, Defendants failed to make reasonable and rational findings under the appropriate legal standard.

## COUNT III:
## VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

27. Plaintiff adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

28. Procedural and substantive due process protection afforded by the Fifth Amendment's due process clause were violated in a number of ways by the Department.

29. Before stripping Alhalemi Inc. and its principal and employees of their livelihood by disqualifying Alhalemi for SNAP, the Department afforded Alhalemi ten days to reply to allegations. This short time span is wholly inadequate to muster proof, to rebut the Department's serious allegations, and not enough time to confer with employees, consult records, videotapes and consult with legal counsel.

30. Once the determination letter dated February 12, 2016, was sent to Alhalemi Inc., another ten-day period was allotted within which to file a request for review. Again, this time period is inadequate to meet procedural due process requirements, as it did not leave Plaintiff adequate time to consult with counsel.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

31. Substantive due process was also violated because the Department did not fully consider sufficient evidence or have in its possession any direct evidence, such as videotapes or audiotapes proving that Plaintiff's employees violated SNAP regulations.

32. Furthermore, substantive due process was also violated because the Department failed to reveal the November 30, 2015 visit by the Department's investigator or his report, and no opportunity was given to Plaintiff to refute, augment, or explain the observations made by the investigator. Additionally, Plaintiff did not have any opportunity to cross examine the undercover Department investigator.

33. Thus, Defendants denied Plaintiff's right to due process of law, in that there was no rational basis in the law for that action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alhalemi Inc. requests that judgment be entered in its favor:

A. Finding that Alhalemi Inc. did not engage in trafficking in violation of the Food Stamp Act and applicable regulations;

B. Reversing and vacating the Final Agency Decision permanently disqualifying Alhalemi Inc. and award damages for breach of procedural and substantive due process;

...

C. Directing that Alhalemi Inc. be reinstated to participation as an authorized retailer in the Supplemental Nutrition Assistance Program; and

D. Awarding Alhalemi Inc. reasonable attorney's fees and costs and grant such other relief as the Court deems appropriate.

Respectfully submitted,

AYAD LAW, P.L.L.C.

/s/ Nabih H. Ayad\
Nabih H. Ayad (P59518)\
645 Griswold St., Ste. 2202\
Detroit, MI 48226\
(313) 983-4600\
nayad@ayadlaw.com