UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALHALEMI, INC.,

    PLAINTIFF,

V.                                                        CASE NO: 16-11684
                                                            HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA, ET AL,

    DEFENDANTS.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I.    STATEMENT OF FACTS**

This action arises out of a final decision of the United States Department of Agriculture, Food and Nutrition Service's ("Agency") to permanently disqualify Alhalemi, Inc. ("Alhalemi") as an authorized retailer of the Supplemental Nutrition Assistance Program ("SNAP"). Alhalemi says the decision was arbitrary and capricious and in violation of laws, regulations, and the U.S. Constitution.

Alhalemi brings this suit against the United States and Secretary of the United States Department of Agriculture, Tom Vilsack. The complaint contains three counts: (I) judicial review and reversal of the Agency's determination of trafficking pursuant to the Food Stamp Act, 7 U.S.C. § 2023 (II); violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"); and (III) violation of the Fifth Amendment's procedural and substantive due process clauses.

The United States filed a motion to dismiss Count II and Count III, and to dismiss Secretary Vilsack as a Defendant. The motions are fully briefed. Oral argument was heard on November 18, 2016.

Alhalemi is a privately held corporation that operates a gas station, retail convenience store, and food market in Highland Park, MI. Alhalemi was authorized to participate in SNAP on November 12, 2003. SNAP provides benefits through an Electronic Benefit Transfer ("EBT") system as a part of the Food and Nutrition Act of 2008, 7 U.S.C §§ 2011-2036 ("the Act"). Recipients of SNAP benefits pay for eligible food purchases at retailers like Alhalemi, using EBT cards as debit cards. Customers swipe EBT cards, enter personal identification numbers, and the point of sale device transmits the sale information to the Agency which processes and stores the information.

On January 11, 2016, the Agency notified Alhalemi it was charged with trafficking in SNAP benefits as defined in 7 C.F.R. § 271.2. The letter to Alhalemi cited EBT transactions that showed: "multiple transactions made from individual benefit accounts in unusually short time frames," and "a series of excessively large purchase transactions made from recipient accounts." The Agency charged that Alhalemi was "trafficking," defined by regulations to mean the "buying or selling of coupons…or other beneficial instruments for cash or consideration other than eligible food." The letter advised Alhalemi the sanction for trafficking is permanent disqualification. The Agency notified Alhalemi it could be eligible to receive a $59,000 civil money penalty ("CMP") in lieu of permanent disqualification if Alhalemi replied within ten days of receiving the charge letter, and provided documentation showing it meets criteria for the CMP exception set forth in 7 C.F.R. § 278.6 (i) .

Alhalemi responded to the Agency's letter on January 20, 2016, requesting a CMP in lieu of disqualification. The Agency concluded disqualification was the more appropriate sanction and issued Alhalemi a notice of permanent disqualification. The February 15, 2016 notice of disqualification informed Alhalemi of its right to request an administrative hearing to review its determination within ten days. Alhalemi requested administrative review on February 24, 2016.

The Agency reviewed the evidence submitted by Alhalemi and issued a Final Agency Decision on April 11, 2016, upholding the determination of trafficking and sanction of permanent disqualification. The review officer concluded Alhalemi did not provide sufficient evidence to rebut the prima facie case of trafficking and that Alhalemi "failed to provide Retailer Operations with the required documentation to be considered for a trafficking CMP in lieu of disqualification." The review officer concluded that the determination of ineligibility for a trafficking CMP in lieu of permanent disqualification was correct. Ex. D at A.R.227.

Alhalemi filed suit on May 11, 2016.

In its motion to dismiss Count II under Fed.R.Civ.P. 12(b)(6), the United States alleges review under the APA is foreclosed because the Act provides an adequate mechanism for *de novo* judicial review. The United States also moves to dismiss Count III, contending that Alhalemi cannot state a claim for a procedural or substantive due process violation. Finally, the United States moved to dismiss Secretary Vilsack as a defendant for lack of subject matter jurisdiction because SNAP only provides for suits against the United States and, therefore, Secretary Vilsack retained sovereign immunity.

Alhalemi agreed to dismiss Secretary Vilsack as a defendant.

In opposition to the balance of the United States' motion, Alhalemi contends that Sixth Circuit case law suggests the Agency's Final Decision to assess a permanent disqualification rather than a CMP is not entitled to review under the Act's *de novo* review procedure. Alhalemi asserts the type of sanction assessed is reviewable under the APA because it was an arbitrary and capricious decision. Alhalemi relies on the Sixth Circuit decision in *Bakal Bros. v. United States*, 105 F.3d 1085, 1087 (6th Cir. 1997).

Alhalemi alleges Count III should not be dismissed because: (1) Alhalemi's substantive due process rights were violated when the Agency failed to consider evidence to determine whether Alhalemi qualified for the CMP exception without rational basis; and (2) Alhalemi's procedural due process rights were violated because: (a) the Agency's ten day limit to respond to both the initial charge and the notice of disqualification did not give Alhalemi a meaningful opportunity to contest the issue; (b) the discretionary power to provide a CMP in lieu of permanent disqualification requires further adjudication beyond the review provided by the Act; and (c) while the Agency informed Alhalemi that it did not provide sufficient information to qualify for the CMP exception, it gave Alhalemi an insufficient time to supplement the information with further documents.

## II.     ANALYSIS

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests whether a cognizable claim has been pled in the complaint. When ruling on a 12(b)(6) motion, the court must construe the complaint in a light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. *Evans-Marshall v. Bd. Of Educ. Of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d. 223, 228

(6th Cir. 2005). In doing so, the court must "draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d. 471, 476 (6th Cir. 2007).

### A. Count II—Violation of the Administrative Procedure Act 5 U.S.C.A. § 701 *et seq*.

The APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Review under the APA is available except to the extent "[s]tatutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701. The APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures[.]" *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). (quotation marks omitted); see also *Bangura v. Hansen*, 434 F.3d. 487, 500 (6th Cir 2006) (to state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court.").

The Act provides for *de novo* judicial review of agency final determinations in United States district courts; the district court "shall enter such judgment or order as it determines is in accordance with the law and evidence." 7 U.S.C. §§2023(a)(13); (a)(16).

"Once the trial court has confirmed that the store has violated the statutes and regulations, the court's only task is to examine the sanction imposed in light of the administrative record in order to judge whether the agency properly applied the regulations, *i.e.*, whether the sanction is 'unwarranted in law' or 'without justification in fact.' If the agency properly applied the regulations, then the court's job is done and the sanction must be enforced. The trial *de novo* is limited to determining the validity of the administrative action; the severity of the sanction is not

open to review." *Goldstein v. United States*, 9 F.3d. 521, 523 (6th Cir. 1993) (internal citations and quotations omitted).

The United States says judicial review under the APA of Agency final decisions is precluded because the Food and Nutrition Act provides for "special and adequate review procedure through 7 U.S.C.§ 2023, and therefore, review under the APA is precluded." Motion to Dismiss. (Dk #4) at 8. The APA provides for judicial review of "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. In support, the United States cites *Bowen*, which interpreted § 704 to preclude review of agency actions under the APA "where Congress has provided special and adequate review procedures." *Id.* at 903.

Alhalemi concedes that a general *de novo* review of the Final Decision regarding whether a SNAP violation occurred would ban an APA claim. But, it says the permanent disqualification sanction is reviewable under an arbitrary and capricious standard. Alhalemi relies on *Bakal Bros., Inc.* for the assertion: "in this case the decision to impose (or not to impose) the CMP in lieu of the permanent disqualification may be reviewable under the APA's arbitrary and capricious standard." Response. (Dk. 6) at 4-5. It says judicial review will not be 'adequate' without this APA claim because while *de novo* review may or may not overturn the decision on the SNAP violations, it is left within the Agency's discretion whether to impose the CMP or not. *Id.* at 5.

*Bakal Bros., Inc.* involved a plaintiff-retailer challenge to an Agency decision brought pursuant to the Act's statutory review process. There, a SNAP retailer was permanently disqualified from the program despite its request for a CMP. Once the Sixth Circuit held the Agency's determination of trafficking was appropriate, it found a challenge to the specific

6

sanction assessed was foreclosed. The Court cited *Goldstein* as controlling. "[T]he determination of the appropriate sanction is left to the discretion of the Secretary." *Bakal Bros., In.* 105 F.3d at 1089.

The United States cites *Goldstein* for the proposition that under SNAP, plaintiffs are entitled to review of the proceedings as a whole, but not to parse it into sections for independent review. Once the *Goldstein* Court found that the store had engaged in trafficking, and that the Agency lawfully disqualified the retailer from SNAP, the Court held the Act precluded review of the penalty imposed. *Id*. at 524.

Contrary to Alhalemi's argument, the decision in *Bakal Bros.* does not hold the decision to assess permanent disqualification rather than a CMP after a SNAP trafficking is found is reviewable under the APA. In *Bakal Bros.*, the plaintiff-retailer did not bring a claim for violation of the APA. Instead, the Plaintiff brought a claim pursuant to the Act's *de novo* review process, challenging the Agency's Final Decision of trafficking, and alternatively the sanction imposed by the Agency if the Court upheld the Agency's determination of a SNAP violation. The Sixth Circuit found that once trafficking is confirmed, the specific sanction assessed is left to the discretion of the Agency. It does not follow, as Alhalemi asserts, that *de novo* review under the Act is an inadequate remedy, and therefore Alhalemi is also entitled to review under the APA.

As stated above, review under the APA is unavailable when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701. Statutes preclude review where "Congress has provided special and adequate review procedures." *Brown*, 487 F.3d at 903. Here, the Act precludes APA review by providing a special and adequate

review process, and the agency action is committed to the discretion of the Agency according to *Bakal Bros.* and *Goldstein*.

The United States also relies on several cases from other circuits to allege *de novo* review under the Act is an adequate procedure and remedy for purposes of the APA. (*See Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) ("[T]he alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'") (*Quick Korner Mkt v. U.S. Dep't of Agric., Food & Nutrition Ser.,* 2016 WL 2620301 (S.D. Cal. May 4, 2016) (Plaintiff-retailer that was assessed with a permanent disqualification from the SNAP program by the Department of Agriculture was barred from relying on APA to obtain relief because the Act provided a review procedure to hear the type of challenge plaintiffs brought and that procedure allowed for the type of relief plaintiff sought.) The United States argues "[h]ere, Congress has provided a review procedure designed to hear the type of challenge that Plaintiff brings, and that procedure allows for the type of relief that Plaintiff seeks." Motion to Dismiss (Dk #4) at 11.

The United States correctly points out Alhalemi "offers no authority in which a court has used the APA to review a decision by Food and Nutrition Service to impose or not impose a [CMP] in lieu of permanent disqualification from the SNAP program." Reply (Dk. #7) at 2, n. 1. Further, the United States cites several cases that hold (1) APA review is preluded where Congress provided a specific statutory scheme of judicial review and (2) *de novo* judicial review pursuant to 7 U.S.C. § 2023 is adequate for purposes of APA.

There is no dispute that once a violation of the Act is confirmed through the Act's *de novo* review process, the specific penalty assessed by the Agency cannot be overturned by the trial court. Alhalemi's claim that the Act's review process does not provide an adequate remedy

because the *de novo* review process does not allow review of the decision to assess permanent disqualification in lieu of a CMP, and therefore review must be available under the APA, has not been pled in any court.

### B. Count III—Substantive and Procedural Due Process

For a substantive due process claim, a "plaintiff must demonstrate a deprivation of a constitutionally protected liberty or property interest in order to establish a due process violation based on discretionary conduct of government officials[.]" *Am. Exp. Travel Related Servs. Co. v. Kentucky*, 641 F.3d. 685, 688 (6th Cir 2011). "[L]egislation that does not proscribe fundamental liberties... violates the Due Process Clause where it imposes burdens without any rational basis for doing so." *Id.* at 689 (internal citations and quotations omitted); *United States v. Hughes*, 632 F.3d. 956, 962 (6th Cir. 2011).

Procedural Due Process requires that "[P]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (internal citations and quotations omitted).

The United States cites *Mathews v. Eldridge*, 424 U.S. 319 (1976) as the applicable test to determine whether it satisfied Alhalemi's substantive and procedural due process rights. The Court must assess: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally the

government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. at 335.

The United States does not dispute Alhalemi has a property interest in participating in the SNAP program. Alhalemi asserts its substantive due process rights were violated because "the [Agency] did not fully consider sufficient evidence or have in its possession any direct evidence, such as videotapes and audiotapes proving that plaintiff's employees violated SNAP regulations," Complaint. (Dk. #1) at 9; "the [Agency] failed to reveal the November 30, 2015 visit by the Agency investigator in his report, and no opportunity was given to Plaintiff to refute, augment, or explain the observations made by the investigator." *Id*.; and finally, "Plaintiff did not have any opportunity to cross examine the undercover Agency investigator [.]" *Id*. As result, Alhalemi asserts the Agency's determination it engaged in trafficking and did not qualify for the CMP exception deprived it of its property interest without rational basis.

The United States argues Alhalemi's substantive due process claim must fail because "(1) the SNAP statute's anti-fraud regulations do not proscribe fundamental liberties; and (2) there is a rational basis for the regulations." Motion to Dismiss (Dk #4) at 12. The United States cites numerous opinions which uphold the SNAP disqualification regime as having a rational basis. *See*, *Traficanti v. United States*, 227 F.3d 170, 175 (4th Cir. 2000) (statute's regime is rationally related to the government's interest in preventing fraud.); *Kim v. United States*, 121 F.3d 1269, 1274 (9th Cir. 1997) (disqualifying innocent store owners whose employees engaged in trafficking without the owner's knowledge is rationally related to the government's interest in promoting the adoption of effective SNAP compliance policies.) The United States cites no authority that controls in the Eastern District of Michigan. However, the United States cites a Southern District of Ohio decision, *Main & Champ Food and Deli, Inc. v. U.S. Sec'y of Agric.,*

No. 2:10-CV-00145, 2011 WL 3739050 (S.D. Ohio Aug. 24, 2001), as suggesting the United States had a rational basis for its action. In *Main & Champ Food and Deli, Inc.*, the district court granted summary judgment for defendants on substantive and procedural due process challenges to the Act's strict liability disqualification regime brought by an "innocent owner." The Court found "that punishing innocent owners, and thus placing an obligation on owners to supervise their stores, is rationally related to the goal of preventing food stamp trafficking." *Id.* at *7.

Alhalemi claims it was denied a meaningful opportunity to be heard based on the short time span (ten days) in which it was required to respond to both the Agency's initial trafficking charge and to request an administrative review after receiving the Agency's notification of permanent disqualification.

The United States argues Alhalemi's avenues for administrative review and *de novo* judicial review in district court provide protections that satisfy procedural due process. In support, the United States cites *Spencer v. U.S. Dep't of Agric.*, 142 F. 3d 436, 1998 WL 96569 (6th Cir. 1998). In *Spencer*, the Sixth Circuit upheld a magistrate judge's affirmation of the Agency's permanent disqualification of the plaintiff-retailer despite allegations that the retailer was denied procedural due process at the administrative level. The Sixth Circuit held, "the *de novo* trial provided all the process that was due and more." *Id.* at *3.

No case cited by Alhalemi or the United States concerns F.Rul.Civ.P. 12(b)(6) motions to dismiss substantive or procedural due process claims.

Alhalemi's challenge lacks merit.

### III. CONCLUSION

Plaintiff cites no case that authorizes this Court to review the propriety of the sanction under the APA. If the Court finds Alhalemi engaged in SNAP trafficking, the Act precludes review of the penalty. *Goldstein*, 9 F.3d at 524.

Finally, Alhalemi's substantive and procedural due process claims fail as well. In terms of substantive due process, Alhalemi provides no authority to suggest the Act's anti-fraud regime or the Agency's exercise of statutory discretion to forego a CMP request lack a rational basis. In terms of procedural due process, Alhalemi cites no authority to suggest inadequacy of the notice and opportunity to be heard provided by the Act.

The Court **GRANTS** the United States' motion to dismiss Counts II and III, and Secretary Tom Vilsack.

    **IT IS ORDERED.**

                                /s/ Victoria A. Roberts
                                Victoria A. Roberts
                                United States District Judge

Dated: December 1, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 1, 2016.

s/Linda Vertriest
Deputy Clerk

---